IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore

| | | |
|---|---|---|
| In re:  Scarlett Bowman | ) | Case No.  25-12629-NVA |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |

## MARK D. MEYER'S EMERGENCY MOTION TO QUASH SUBPOENA ISSUED ON OCTOBER 8, 2025

COMES NOW Mark D. Meyer, pursuant to Federal Rule 45 and moves to quash the subpoena issued to Mark Meyer, and further states:

1. On July 5, 2025 the Debtor filed an Objection to Claim Number 3.  A response was filed by attorney John Nader on behalf of the secured creditor.  On August 13, 2025 the Court set a hearing on the claim objection for October 10, 2025 and issued a hearing notice.

2. On October 8, 2025, Debtor's counsel sent an email to the undersigned asking if he would be present at the October 10 hearing.  Undersigned responded that since he had not filed the response to the objection he had not planned on attending.  On October 8, 2025, at 4:19 PM Debtor's counsel sent via email a subpoenas for attendance at the October 10 hearing.  A copy of the email and subpoena are attached hereto.

3. The subpoena was not property served pursuant to Rule 45.  The subpoena likewise does not comply with Rule 45(a)(1)(A)(iv) and 45((b)(1) regarding fees and mileage.

4. The subpoena was not provided with reasonable notice as it was sent less than two (2) days prior to the hearing.

5. Federal Rule 45(d)(3)(iv) provides that the court must modify or quash a subpoena that subjects a person to undue burden.

1

6. It would be an undue burden to compel undersigned to attend the hearing on October 10 as undersigned was given less than 2 days notice and currently has a scheduled hearing in Carroll County, MD at 9 am and then zoom hearings for multiple District of Columbia foreclosure cases at 10 am and 11 am.  Hearing notices attached.

7. Additionally, there is no need for undersigned to attend the subject hearing.  The debtor's objection to the proof of claim is purely on legal grounds and not as to the figures and calculations in the proof of claim.   Further, while undersigned executed the proof of claim as counsel for the secured creditor, undersigned is not an employee or corporate representative of the secured creditor that would have any ability to testify how the claim figures are calculated or are shown in the loan system.

8. Finally, Debtor's counsel has known about this hearing since August 13, 2025 and could have timely subpoenaed a representative of the secured creditor if he so desired, but chose not to.

9. As a result, the subpoenas issued to Mark Meyer should be quashed.

10. As a result of the above, the subpoena issued to undersigned counsel constitutes an undue burden and should be quashed.

WHEREFORE, the Movant requests that the Court quash the subpoena issued to Mark Meyer and grant any other relief the Court deems just and proper.

Respectfully Submitted,

ROSENBERG & ASSOCIATES, LLC

/s/ Mark D. Meyer
Mark D. Meyer, # 15070
4340 East West Highway, Suite 600
Bethesda, MD 20814
Tel:   301-907-8000
Fax:   301-907-8101
E-mail:mark.meyer@rosenberg-assoc.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was sent this 8th day of October 2025 by ECF to:

Harris Ammerman, Esq.

John Nader, Esq.

Rebecca Herr, Trustee

/s/ Mark D. Meyer
Mark D. Meyer

3