Entered: February 6th, 2026
Signed: February 6th, 2026



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

In re:

SCARLETT B BOWMAN,

Debtor.

CASE NO. 25-12629-NVA

CHAPTER 13

## MEMORANDUM OPINION IN SUPPORT OF ORDER
## DENYING MOTION TO LIFT STAY OF CHAPTER 13 PROCEEDINGS [ECF NO. 40]

Earlier in this chapter 13 case, this Court certified questions of state law to the Supreme Court of Maryland. This Court stayed proceedings in this chapter 13 case pending resolution of the state law issues by the Supreme Court of Maryland. The Supreme Court of Maryland accepted the questions, ordered briefing, and set oral arguments for March 6, 2026.

Currently before the Court are the *Motion to Lift the Stay of Chapter 13 Proceedings* and *Memorandum in Support of the Motion to Lift the Stay of Chapter 13 Proceedings* (collectively, the "Motion") filed by Towd Point Mortgage Trust 2016-4, U.S. Bank National Association as Indenture Trustee ("Towd") and the *Response to the Motion to Lift the Stay of Chapter 13 Proceedings* (the "Response") filed by the Debtor. [ECF Nos. 40, 41]. In its Motion, Towd now asks the Court to lift its pause of the chapter 13 case and to proceed with the bankruptcy case without awaiting decision by the Supreme Court of Maryland. Towd maintains that this Court can

and should overrule the Debtor's objection to Towd's mortgage claim by applying bankruptcy law and that answers to the questions this Court certified to the Supreme Court of Maryland are unnecessary. Towd's argument that the Debtor's objection to claim should be denied as an impermissible modification of the Debtor's mortgage is incorrect and the Court again finds that answers to the previously certified questions are required before the Court can adjudicate the claim objection. The Court held a hearing on the Motion and Response on February 5, 2026. For these reasons, explained more fully below, the Court will deny the Motion by an Order entered contemporaneously herewith.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a) and Local Rule 402 of the United States District Court for the District of Maryland, that court has referred this bankruptcy case to this Court. This matter involves claims that are statutorily core under 28 U.S.C. § 157(b)(1) and (b)(2). This Court has constitutional authority to enter final orders in this matter. To the extent it is determined this Court lacks constitutional authority, this decision constitutes the Court's report and recommendation.

### Relevant Background

While not at issue in the present dispute, the background regarding the Debtor's mortgage and underlying dispute regarding that mortgage in this bankruptcy case is useful background to the issue at hand. The Debtor owns a piece of residential property in Mount Airy, Maryland. [ECF No. 18 at 2]. In 2006, the Debtor obtained a home mortgage loan evidenced by a note and deed of trust (collectively, the "Loan). [ECF No. 23 at 3]. On May 5, 2021, the Loan was assigned to Towd. *Id.*

The Debtor filed a petition under chapter 13 of the bankruptcy code on March 27, 2025. [ECF No. 1].  Towd timely file a proof of clam (the "Claim") asserting a secured claim totaling $685,412.76 comprising of, *inter alia*, principal, interest, and fees.  [Claim 3].  Since obtaining the Loan, Towd has applied Loan payments it received to interest, fees and other charges, escrow, and principal.  [Claim 3-1].  The Debtor filed an objection ("Claim Objection") to Towd's Claim in which she challenges Towd's authority to apply payments on the Loan to interest, fees, and other charges because, Debtor argues, Towd is not licensed under the Maryland Mortgage Lender Law and Towd filed a response to which the Debtor replied.  [ECF Nos. 18, 23, 26].

On October 10, 2025, the Court held a hearing on the Claim Objection and related papers. At the hearing, the Court asked the parties whether the issues presented in the Claim Objection litigation were appropriate for certifying to the Maryland courts.  At the hearing, it was Movant's counsel that indicated that the questions were worthy of certification to the Supreme Court of Maryland.  At the conclusion of the hearing, the Court took the Claim Objection matter under advisement.

The Court entered an order (the "Certification Order") and certified two questions of law to the Supreme Court of Maryland because the adjudication of the parties' claim dispute depends only on unsettled questions of Maryland state law and answers to the certified questions will have implications beyond the province of this Court.  [ECF No. 32].  As part of the Certification Order, the Court stayed this chapter 13 case "pending receipt of the Supreme Court of Maryland's answer."  [ECF No 32 at 5].

The Supreme Court of Maryland formally accepted this Court's certified questions, set a briefing scheduled, and scheduled oral arguments on the certified questions for March 6, 2026. [ECF Nos. 40-1 at 5, 41].  Towed filed the instant Motion nearly two months after entry of the

Certification Order and after the Supreme Court of Maryland accepted the certified questions, set its briefing schedule, and ordered oral argument.

### Analysis

By its Motion, Towd argues that the Court should, in effect, reconsider its Certification Order, lift the self-imposed stay of this case, and adjudicate the Claim Objection without waiting for answers from the Supreme Court of Maryland. Towd argues the Court should do these things because, it contends, the Claim Objection may be resolved by application of federal bankruptcy law and, therefore, the responses to the certified questions are not necessary. Towd is incorrect. The provision of the Bankruptcy Code Towd cites as grounds for overruling the Claim Objection— the anti-modification provision of section 1322(b)(2)—is inapplicable to the Claim Objection. Even if it were applicable, the Towd's theory was not properly raised. Towd's failure to timely raise this new legal theory precludes relief under Federal Rule of Bankruptcy Procedure 9024 and implicates the abstention provisions of the statute granting federal courts jurisdiction over bankruptcy proceedings.

> a. *Towd is incorrect that the Claim Objection implicates the anti-modification provision of § 1322 and answers to the certified questions are still necessary for resolution of the Claim Objection*

Towd avers the Court can and should adjudicate the Claim Objection without waiting for answers to the questions certified to the Supreme Court of Maryland because the relief sought by the Claim Objection is not permitted under the Bankruptcy Code. Specifically, Towd argues that the anti-modification provision of Section 1322(b)(2) precludes the Debtor from modifying in any way Towd's claim against the Debtor. Towd is correct that the Bankruptcy Code would prohibit the Debtor from modifying a claim secured by security interest in the Debtor's principal residence—which appears to be the case here—but is incorrect that the Claim Objection implicates this provision of the Bankruptcy Code at all.

A bankruptcy debtor may do many things through a confirmed chapter 13 plan—including modifying the rights of holders of secured claims. *See* 11 U.S.C. § 1322(b)(2). But the court *may not* confirm a debtor's chapter 13 plan over a creditor's objection if the debtor attempts to modify the rights of a secured creditor whose claim is "secured only by a security interest in real property that is the debtor's principal residence." *Id.* However, the anti-modification provision is not absolute. *See, e.g.*, 11 U.S.C. § 1322(c)(1) (specifically permitting a chapter 13 debtor to pay pre-petition arrears over the life of the plan). But the Court need not determine whether the Debtor could modify Towd's claim through the chapter 13 plan in this case. Instead, the Bankruptcy Code specifically permits the Court to determine the validity of Towd's claim against the Debtor *ab initio*.

> Section 502 provides that, on an objection to a claim, the court shall
>
> after notice and a hearing, shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that [] such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law.

11 U.S.C. § 502(b)(1). *This* is the Bankruptcy Code provision applicable to the Claim Objection. The Debtor has asked the Court to determine that Towd's Claim is not allowed in part by operation of non-bankruptcy law. Specifically, the Claim Objection asserts that because Towd is not licensed as required under Maryland law, Towd is prohibited from collecting certain portions of its claim and that Towd impermissibly applied payments to those portions of its claim in the past. In other words, the Claim Objection asks the Court to decide *what is* Towd's Claim against the Debtor—it does not seek to modify the Claim.

Towd also argues that the anti-modification provision of section 1322(b)(2) preempts state law. Again, Towd misses the point. The Bankruptcy Code does not grant any party new contractual rights that did not exist before the bankruptcy—instead it creates a uniform and

efficient means of settlement of debts. *In re Heaven Sent, Ltd.*, 37 B.R. 597, 598 (Bankr. E.D. Pa. 1984); 1 Collier on Bankruptcy ¶ 1.01 ("One of the chief purposes of the bankruptcy laws is to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited time.") (quotation and citation omitted). Because Towd cites no valid legal basis for resolving the Claim Objection, the Court will deny the Motion.

    *b.  The Motion raises legal arguments that needed to have been raised in Towd's response to the Claim Objection*

While the reasons stated above are sufficient to deny the Motion, the Court also finds that the timing of the Motion presents adequate and independent grounds for its denial. Two concepts are at play here: first, the Motion seeks an impermissible second bite at the proverbial apple and, second, the Motion implicates interests of justice including comity and judicial resources.

First, the Motion is not timely. Federal Rule of Civil Procedure 60, made applicable here by Federal Rule of Bankruptcy Procedure 9024, requires that a motion for relief from a judgment or order "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Towd acknowledges that its Motion is, at the least, akin to a motion for reconsideration. *See* Motion [ECF No. 40-1 at 6]. Federal Civil Rule 60 enumerates six grounds upon which the requested relief can be granted, none of which are addressed in the Motion. Fed. R. Civ. P. 60(b). Instead, the Motion suggests that the relevant question is whether "circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate." Motion [ECF No. 40-1 at 6. Two sentences later, Towd acknowledges that "the stay is appropriate when it would have a 'clarifying effect' on the case before it, or when those questions [certified] would dispose" of the issue. *Id.*

It is not clear what change in circumstance Towd avers has occurred. Towd advances a new legal theory for why the Court could adjudicate the Claim Objection without reference to the questions certified to the state court—which the Court rejects above—but this is not a change in

circumstance.  The law has not changed.  Towd merely asks the Court to consider a legal argument it failed to raise at the hearing on the Claim Objection.

The Court does, however, note some important changes in circumstances even if Towd does not.  Since entry of the Certification Order, the Supreme Court of Maryland has accepted this Court's certified questions, ordered briefing, and set oral arguments on the certified questions. These changes cut strongly against lifting the pause of this bankruptcy case.  Federal Courts have non-exclusive jurisdiction over proceedings arising in or related to bankruptcy cases.  28 U.S.C. § 1334(b).  As part of that non-exclusive jurisdiction, nothing prevents the federal courts, "in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under [the Bankruptcy Code] or arising in or related to a [bankruptcy case].  28 U.S.C. § 1334(c)(1).  So important are the interests in comity with state courts and respect for state law that a decision to abstain from a proceeding is not reviewable on appeal.  28 U.S.C. § 1334(d).  By certifying questions to the Supreme Court of Maryland, this Court has all but explicitly abstained from resolution of those questions. Such abstention is indeed warranted in this case.  As indicated in the Certification Order, the certified questions will have implications beyond the bankruptcy proceedings this Court has jurisdiction over.  Certification Order [ECF No. 32 at 1] ("[T]he questions—for which no authority exists— have implications beyond the province of this Court.").  Those considerations which supported certification initially are now bolstered by the reality that the Supreme Court of Maryland—and the parties—have expended tremendous resources in preparing to adjudicate the questions this Court certified.  The Court is grateful to the Supreme Court of Maryland for expeditiously accepting the certified questions for setting arguments thereon.  The interests of justice including

respect for Maryland law but especially comity with the Supreme Court of Maryland demands that the Court deny the Motion.  And the Court will do exactly that.

## <u>Conclusion</u>

By its Motion, Towd asks the Court to lift the self-imposed stay of the above-captioned bankruptcy case.  Because the Court rejects the legal argument supporting the Motion and because the Court finds that the interests of justice—especially comity with the Supreme Court of Maryland—precludes the relief requested, the Court will deny the Motion.  A separate Order will issue.

cc:     Debtor – Scarlet B. Bowman
        Counsel for Debtor – Keith R. Havens, Esq.
        Movant – Towd Point Mortgage Trust 2016-4, U.S. Bank National Association as
              Indenture Trustee
        Counsel for Movant – John D. Nader, Esq.

**END OF MEMORANDUM OPINION**